**No. 58107.**—B. Holman, Inc., et al. *v.* United States, protests 590737–G, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of moufflons the same in all material respects as the merchandise the subject of Abstract 57768, the claim of the plaintiffs was sustained.

**No. 58108.**—Maddock & Miller, Inc. *v.* United States, protest 142327–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise is similar in all material respects to that the subject of Abstract 57673, the claim of the plaintiff was sustained.

**No. 58109.**—W. N. Proctor Company *v.* United States, protests 193891–K, etc. (Boston).

Opinion by OLIVER, C. J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159. Said T. D. 53159 was issued following the decision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. 168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content under T. D. 53159" in the schedule attached to and made a part of the decision in this case.